C. G. NEYLANS, *Plaintiff in Error,* v. J. A. HERNDON, *Defendant in Error.*

Opinion Filed March 3, 1920.

## EVIDENCE—LOST PAPER—WHEN SECONDARY PAROL EVIDENCE ADMISSIBLE TO PROVE CONTENTS OF.

"The contents of a lost instrument cannot be proved unless it appears that reasonable search has been made in the place where the paper was last known to have been, and if not found there, that inquiry has been made of the person last known to have had its custody. The proponent must show that he has in good faith exhausted, in a reasonable degree, all sources of information and means of discovery which the nature of the case would naturally suggest, and that were accessible to him. If any suspicion hangs over a lost instrument, or that it is designedly withheld, a rigid inquiry should be made into the reasons of its non-production. But where there is no such suspicion, all that ought to be required is reasonable diligence to obtain the original. The loss of it must be made out to the satisfaction of the court. The law exacts nothing unreasonable in such a case. If parol proof of the loss establishes the fact with reasonable certainty, or as it is stated by some of the authorities, if the proof establishes a strong probability of its loss, then secondary evidence is admissible."

A writ of error to the Circuit Court for Hillsborough County, G. L. Larimore, Referee.

Judgment reversed.

*Dozier A. DeVane,* for Plaintiff in Error;

*W. A. O'Neil,* for Defendant in Error.

TAYLOR, J.—This suit brought by the plaintiff in error as plaintiff below in the Circuit Court of Hillsborough County against the defendant in error as defendant below was an action of assumpsit upon a promissory note. By consent of parties the cause was referred to a referee for trial, and resulted in a judgment by the referee in favor of the defendant below; and by writ of error the plaintiff below brings this judgment here for review.

At the trial before the referee, the plaintiff's counsel proved that the original of the note sued upon was given to William H. Jackson, an attorney at law, for collection for the payee plaintiff, owner thereof; that Jackson, the attorney, after instituting suit thereon and filing a declaration in said cause with an exact copy of said note attached thereto as an exhibit, volunteered as a soldier in the United States Army in the late war with Germany and left this State leaving his papers and files connected with such suit, and such suit itself, with Mr. D. A. De-Vane, an attorney; that the original of such note was lost or destroyed; that diligent and thorough search had been made for it, and that it could not be found anywhere; that said note was kept by Mr. Jackson in his iron safe in his office, to which Mr. Jackson did not have or know the combination for opening same. The last

time said original note was seen it was in the custody of Miss Louise Fisch, who, for five years, had been in the employ of Mr. Jackson as clerk and stenographer, when she typed the said declaration in the cause and made and appended to said declaration an enact copy of said original note as an exhibit thereto. She testified that she usually kept instruments of that kind in Mr. Jackson's safe; that she had made a diligent search for the original note, but that it was lost. Mr. DeVane also testified that he had access to Mr. Jackson's office that he occupied before leaving for the army, and had all of his papers and files in his possession, and also his iron safe; that Mr. Jackson did not turn over to him such original note; that he has searched thoroughly through said safe and all of Mr. Jackson's papers for said note, but cannot find it. Miss Fisch testified that she always when she drew a declaration made copies of the notes and attached a copy, and put the originals in the safe; that she alone had the combination to the lock of said safe; that to her knowledge no one else had ever had said original note since she made and attached the copy of it to the declaration in the case. It was also proved that the original note, a copy of which was attached to the declaration, was made and signed by the defendant maker thereof, and that no part of it had ever been paid.

The plaintiff, after introducing the above proof tendered in evidence the copy of the note attached to the declaration, that had been proven, without contradiction, to be an exact copy of the original note, that was proven, also without contradiction, to have been made by the defendant maker thereof and no part thereof ever paid; but the referee refused to permit this secondary evi-

dence without the evidence of Mr. Jackson to establish the loss of the original note.

The plaintiff's counsel also offered under the provisions of Section 1486 of the General Statutes to file for the defendant's protection a bond in such amount as the court might require to indemnify the defendant against the lost note if judgment is entered for the plaintiff in the case.

The referee made no express ruling on this offer to file an indemnity bond, but entered judgment in favor of the defendant.

The referee erred in refusing to permit the tendered proof of the copy of the note sued on upon the proofs adduced of the loss of the original note. Such proof showed that the stenographer, Miss Fisch, was the last person known to have had possession of the original note. She testified that it was lost, and that after diligent search she could not find it, and Mr. DeVane also testified that he had possession of all of Mr. Jackson's papers and files, including his iron safe and contents, that he had searched diligently through them all for said note, but could not find it. The best evidence rule was never designed to work a flagrant injustice, and the mere loss or destruction of the evidence of an obligation does not pay or discharge such obligation. While it might have more strongly established the fact of the loss of such original note to have had Mr. Jackson's evidence relative thereto, we think that under the circumstances shown in proof sufficient evidence of the loss of the original note was adduced to permit the introduction of the fully identified and exact copy thereof to be introduced in evidence in lieu thereof. DeLane v. Moore, 14 How.

(U. S.) 251, 14 L. Ed. 409; Caufman v. Presbyterian
Cong. of Cedar Springs, 6 Binney's Rep. (Pa.) 59;
Bouldin and Wife v. Massie's Heirs, 7 Wheat (U. S.) 122,
5 L. Ed. 414; Minor v. Tillotson, 7 Pet. (U. S.) * 99,
8 L. Ed. 621.

"The contents of a lost instrument cannot be proved
unless it appears that reasonable search has been made
in the place where the paper was last known to have
been, and if not found there, that inquiry has been
made of the person last known to have had its custody.
The proponent must show that he has in good faith ex-
hausted, in a reasonable degree, all source of information
and means of discovery which the nature of the case
would naturally suggest, and that were accessible to him.
If any suspicion hangs over a lost instrument, or that it
is designedly withheld, a rigid inquiry should be made
into the reasons of its non-production. But where there
is no such suspicion, all that ought to be required is
reasonable diligence to obtain the original. The loss of
it must be made out to the satisfaction of the court. The
law exats nothing unreasonable in such a case. If parol
proof of the loss establishes the fact with reasonable
certainty, or as it is stated in some of the authorities,
*supra,* if the proof establishes a strong probability of its
loss, then secondary evidence is admissible." 10 R. C.
L. pp. 917 *et seq.* We think that the plaintiff by his
proofs has complied with the requirements of this rule.

Mr. Jackson was out of the State when the cause was
tried in the U. S. Army so that he could not appear as
a witness, and without his evidence the proofs established
a strong probability of the loss of the original note
sufficient to permit secondary proof of its contents. The
referee should have fixed the amount of an indemnity

bond and permitted the plaintiff to have given it under the provisions of Section 1486 General Statutes of Florida, 1906, and should have entered judgment in favor of the plaintiff for the full amount of his claim against the defendant.

The judgment of the referee is hereby reversed and a new trial ordered.

BROWNE, C. J., AND WHITFIELD, ELLIS AND WEST, J. J., concur.