**GRACE WHITING WICKER, joined by her husband CYRUS WICKER, v. THE BOARD OF PUBLIC INSTRUCTION OF DADE COUNTY, FLORIDA.**

31 So. (2nd) 635                                          June Term, 1947
August 1, 1947                                          Special Division B

*Halsted L. Ritter,* for appellant.

*John J. Lindsey* and *Grady C. Harris,* for appellee.

BUFORD, J.:

The appeal brings for review judgment of the Circuit Court of Dade County entered pursuant to motion granted for a directed verdict.

On the trial jury was waived. At the close of plaintiff's testimony, defendants moved for a directed verdict which motion was granted and thereupon the Court entered its judgment in favor of the defendants.

This is the second appearance of this litigation in this Court: See Wicker v. Board of Public Instruction etc., 156 Fla. 7, 22 So. (2) 255. On that appeal we held:

"1. A board of public instruction has authority to purchase lands for school purposes.

"2. A board of public instruction which accepts deed to land for school purposes and fails to pay therefor may be estopped to deny liability for purchase price. Comp. Gen. Laws 1927, Sec. 561.

"3. Promissory notes waiving demand, notice of non-payment, and protest and providing for 8 per cent interest and attorney's fee for collections, executed pursuant to contract by board of public instruction for purchase of land for school purposes, were void as independent obligations.

"4. Notes executed pursuant to contract by board of public instruction for purchase of land for school purposes though they were void as independent obligations, had relevancy as evidence of agreed purchase price of land in action on obligation arising as result of executed contract.

"5. Though notes executed pursuant to contract by board of public instruction for purchase of land for school purposes were void as independent obligations, their endorsement transferred all of endorser's rights and remedies, including cause of action under executed contract."

On the going down of the mandate the defendants filed nine pleas.

The Second Plea was: "That it never promised as alleged."

The Third Plea was: "That the alleged notes and contract described in and copies of which are appended to and made a part of the plaintiff's declaration as Exhibits A, C, D, E, F, G, H and I, are not its deed and neither thereof is the deed of this defendant."

The Fifth Plea was: "That the alleged contract and notes described in, and copies of which are appended to the plaintiff's declaration are not under seal; that each, all and every of the sums of money mentioned and described in said documents by the terms thereof, and each of them, became due and payable on the twenty-eighth day of September, 1929, more than five years next preceding the commencement of the plaintiff's suit and therefore, each, all and every thereof and the plaintiffs right and claim and cause of action thereunder and because thereof are barred by the statutes of limitation in such cases made and provided and particularly Section 95.11 (3) Florida Statutes 1941 and this defendant pleads said Statutes of Limitations in bar the plaintiffs' right to recover."

There were other pleas, replications and rejoinders which are not necessary to be discussed here.

During the progress of the trial plaintiffs offered in evidence a photostatic copy of a copy of the original contract which original contract was alleged to have been executed by Whitphel Properties, Inc., a Florida corporation, and the Board of Public Instruction for the County of Dade as sec-

ondary evidence of the contract under which it was alleged that the deed from Whitphel Properties, Inc., to the Board of Public Instruction of Dade County was executed. Defendants objected to the introduction of such photostatic copy on the ground that it was not the best evidence available to prove the contents of the contract. It had been shown by the evidence that when the contract was signed by the parties it was executed in duplicate and one of the duplicate executed contracts was delivered to the Board of Public Instruction and the other to Whitphel Properties, Inc. The plaintiff alleged that the duplicate delivered to Whitphel Properties, Inc., had been lost and could not be found and procured an order to the defendants to produce the duplicate which had been delivered to the Board of Public Instruction of Dade County. The defendants, answering, said that they did not have the executed contract and could not produce the same. Plaintiff then showed that the duplicate executed contract which had been delivered to Whitphel Properties, Inc., had been turned over to and delivered to A. C. Whiting when Whiting acquired the notes involved and the contract from Whitphel Properties, Inc.; that at Whiting's death all these documents were delivered to First Trust & Savings Bank, the Executor of his estate under his will, and that First Trust & Savings Bank at a later date delivered the contract to John P. Stokes of the law firm of Loftin, Stokes & Calkins, and that the Executor had later been advised by the firm of Loftin, Stokes & Calkins, that they were unable to find the contract in their files, but there was no evidence from any member of the firm of Loftin, Stokes & Calkins, or any representative of said firm, that any search had been made for the decument and that it could not be found.

The record shows that the firm of Loftin, Stokes & Calkins was still in Miami, Florida, and the members of that firm were available to be called as witnesses. So it appears to have been the view of the trial court that the absence of the original document had not been sufficiently accounted for to permit the introduction of secondary evidence.

It is also shown that Mr. Curry, a lawyer practicing in Miami, Florida, had prepared the contract and had witnessed

its execution in duplicate by the parties and that he had in his files an identical carbon copy of the contract which was complete except for the execution by the parties, but that carbon copy of the original contract was not offered in evidence. So, if the absence of the original document had been sufficiently accounted for, the best evidence available of its contents would have been the carbon copy which was then in the hands of Mr. Curry.

Defendants objected to the introduction of the photostatic copy on the following grounds:

"(1) It is not the best evidence; higher and better evidence has been exhibited in this court of the existence at one time of the documents; (2) It shows upon its face to be a copy of a copy and not a copy of the original, and the original and executed copies heretofore referred to have not been sufficiently accounted for; (3) The execution of the original has not been proven; (4) It is an unrecorded document; (5) If the original ever existed and this is a true copy of it or a copy of a copy of it, it shows upon its face that it is a transaction attempted to be illegally entered into, contrary to the then existing and controlling statute. . . . Section 509 Compiled General Laws of Florida 1927."

The court sustained the objection.

It is our view that this ruling was without error under authority of Bell et al. v. Kendrick, 25 Fla. 778, 6 So. 868 and Neylons, v. Herndon, 79 Fla. 213, 84 So. 89.

It also seems to be well settled that "according to the great weight of authority in this country, where primary evidence is not available so that a fact may be proved by secondary evidence, the proponent of secondary evidence is required to produce the best secondary evidence which exists and which is in his power to produce. In other words, the secondary evidence which is admissible is the best secondary evidence obtainable. If it appears there is in existence secondary evidence of a more satisfactory kind than the secondary evidence which a party offered he will be required to produce the better evidence if he can do so. . . . Thus, it is conceded that a copy of a copy is not admissible. A true copy is better than parol evidence of the contents of an instrument in writing

and where it can be produced its production upon the trial will be required." See 20 Am. Juris. Sec. 404, page 365, and cases there cited.

We hold that if the court below had admitted the photostatic copy which was offered in evidence. that the result of the trial would have had to be the same because that evidence would have shown the verity of the defendants' fifth plea which alleged that the contract was not under seal and that the contract was completely executed more than five years prior to the filing of the suit and the cause of action was, therefore, barred by the five-year statute of limitations. This, however, is not necessarily controlling because if any cause of action accrued it accrued when the deed passed from the owners to the Board of Public Instruction and the Board failed and refused to pay for the land, which all occurred some fifteen years prior to the institution of the suit (assuming that there was a delivery of the deed). If the suit was not instituted within five years after the accruing of the cause of action, then the cause of action certainly accrued more than three years prior to the institution of the suit, as pleaded in defendants' fourth plea.

It, therefore, appears that the judgment should be affirmed, without prejudice to the plaintiffs to have a reconveyance of such title as the Board of Public Instruction acquired so as to clear the record of the apparent cloud on title by reason of the deeds to the Board of Public Instruction, and in accordance with defendants' rejoinder to plaintiff's replication to the ninth plea.

So ordered.

THOMAS, C. J., CHAPMAN, J., and TAYLOR, Associate Justice, concur.