**DEVELOPMENT CORPORATION OF AMERICA, Inc., Plaintiff-Appellee,**

v.

**UNITED BONDING INSURANCE COMPANY, Defendant-Appellant.**

No. 26984

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

June 25, 1969.

Rehearing Denied July 30, 1969.

**824**

William T. Moore, Neil A. Devaney, Miami, Fla., for defendant-appellant, United Bonding Insurance Co.; Moore, Welbaum, Zook & Jones, Miami, Fla., of counsel.

James E. Glass, Miami, Fla., for plaintiff-appellee Development Corp. of America, Inc.; Rosenberg, Rosenberg, Reisman & Glass, Miami, Fla., of counsel.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge:

In this Florida diversity case, Plaintiff Development Corporation of America [DCA], sued on a performance bond issued by United Bonding Insurance Company [United] to secure the performance of a contract entered by United's principal, International Electrical Contractors [International]. Shortly after the beginning of the trial before the District Judge, United announced in open court that it had authority to settle the matter, and after a recess the parties stipulated to the amount of damages, if allowed, in favor of DCA and against United in the sum of $125,000. However, United did reserve the right to appeal from any prior rulings of the District Court.

Taking advantage of its reservation, United now makes essentially two arguments for reversal. First, it alleges error in the admission into evidence of a photographic copy of the bond in question on the ground that DCA had not made a proper and adequate foundation for this departure from the "best evidence" rule. Second, United argues that it was error to admit both the copy of the bond and the copy of a contract incorporated by reference into the bond, and to render judgment based upon these documents. Finding these contentions to be without merit, we affirm the judgment below.[1]

The facts of this case are simple and undisputed. But we need not set them out since the appeal rests wholly upon two technical objections to evidence.

We consider first the question whether the District Court erred in admitting into evidence, over objection, a photographic copy of the bond sued upon.

---

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I [dated March 11, 1969].

United's objection is founded upon the best evidence rule, the rule of evidence that requires the contents of an available written document to be proved by introduction of the document itself.

There is nothing to this claim for two reasons. First, the sufficiency of the foundation laid for the admission of secondary evidence rests largely in the discretion of the Trial Court.[2] The determination of the Trial Judge on the admission of secondary evidence will not be disturbed in the absence of clear evidence of mistake amounting to an error of law. Willhoit v. Commissioner, 9 Cir., 1962, 308 F.2d 259. Second, and more important, United by formal answer to interrogatories admitted the genuineness (and authority of the executing agent) of the copy of the bond annexed to the complaint. That was enough. It was not an issue in the case, much less a matter for proof.[3]

This brings us to United's contention that the District Court erred in rendering judgment for DCA on the basis of the documents in evidence. The problem arises because the contract incorporated by the bond and described in the bond as dated August —, 1964, was not in fact signed and dated until September 28, 1964. The facts reveal that DCA had conditioned the award of a contract on the acquisition by International of a performance bond. At the same time a form contract dated August 10, 1964, was drawn up and sent to International, but because of International's request for modifications, the contract was not signed until September 28. In the meantime, International had applied for a performance bond covering the August 10 contract, and the bond as issued by United contained an "erroneous" date of the contract to be bonded.[4]

Nothing could be plainer, therefore, than that the contract dated September 28 was in fact the one intended to be bonded by the parties. The sworn answers to interrogatories show that United received the premiums for the bond, paid the agent the originating commission, and has never refunded a thin dime to the principal or anyone else. Under these circumstances we find unavailing the supertechnical and hoary principle that "a plea which sets up a contract different from and contradictory to the statements in the bond is bad and may be taken advantage of on demurrer. It is a common rule, well established, that in an action or a bond between the parties thereto, they are controlled by the recitals therein with reference to which the contract is made." Booske v. Gulf Ice Co., Fla., 1888, 24 Fla. 550, 5 So. 247, 250. See also Sewell v. Huffstetler, Fla., 1922, 83 Fla. 629, 93 So. 162.

It is, of course, our duty as a Federal Court to decide this case according to Florida law. United contends that the Florida cases compel a decision in its favor, although it cites no case directly in point. We decline to believe, however, that the Florida Courts, if they were confronted with this case—arising as it does from the fast-moving, high-pressure world of big business today—would apply rigidly or mechanically an old rule, developed in a different context, that would completely frustrate the obvious intent of the parties, which was vouchsafed by that safeguard of the

---

2. E.G., Probst v. Presbyterian Church, 1889, 129 U.S. 182, 9 S.Ct. 263, 32 L.Ed. 642; Western, Inc. v. United States, 8 Cir., 1956, 234 F.2d 211; Atchison, T. & S. F. Ry. v. Jackson, 8 Cir., 1956, 235 F.2d 390. See generally 29 Am.Jur.2d Evidence §§ 459–62 (1967).

3. If there is any doubt as to. delivery (which we doubt), there was ample credible testimony to prove delivery.

4. The date was "erroneous" in that the date of August —" became "September 28." The cause of this mistake was evidently United's assumption that the contract would be both modified, as requested by International, and signed within the month of August 1964.

business world—the receipt and retention of the money bargained for.

Moreover, everything points this way in the more recent Florida decisions. For example, Florida has adopted the principle that contracts of a surety for hire are construed most strongly in favor of the obligee. National Union Fire Ins. Co. v. Robuck, Fla.Dist.Ct.App., 1967, 203 So.2d 204, cert. denied, Fla., 209 So.2d 672; 212 So.2d 869; Lambert v. Heaton, Fla.Dist.Ct.App., 1961, 134 So.2d 536; Phoenix Indem. Co. v. Board of Public Instruction, Fla.Dist.Ct.App., 1959, 114 So.2d 478. Likewise, it is the rule in Florida that a departure from a construction contract will not automatically relieve and exonerate a surety. If, however, there is is a departure that results in injury to the surety, the surety will be relieved and discharged to the extent of its injury. Gibbs v. Hartford Accident & Indem. Co., Fla., 1952, 62 So.2d 599.

Affirmed.

Haynsworth, C. J., dissented.