PER CURIAM.
Plaintiff-appellant seeks review of an adverse final judgment entered pursuant to a jury verdict in an action to establish title and recover possession of a retail liquor store.
Plaintiff, Bessie Goldstein, in 1947 purchased a liquor store in Miami, Florida in order to provide an opportunity for the defendant, her son-in-law, to support his wife, plaintiff’s daughter, who desired to live close to her mother. Defendant-appel-lee solely operated the store for 25 years and made it profitable. In 1971, defendant and plaintiff’s daughter were divorced. Thereafter, plaintiff filed her complaint in which she sought to establish title, possession of the liquor store, an accounting, appointment of a receiver and a restraining order enjoining defendant, Frank Klein; from effecting a sale of the business. Plaintiff also alleged that defendant had converted certain cash, which she entrusted to him on two occasions, and further alleged undue influence on the part of the defendant in obtaining control of the liquor business.
*391 At the trial, over plaintiff’s objection defendant introduced a photocopy of a 1953 hill of sale purporting to transfer a one-half interest in the store from plaintiff to him. There was evidence presented that at the time of trial the original bill of sale was in the possession of plaintiff’s attorney who had drawn it. The plaintiff at the taking of her deposition had identified her signature on the copy of the bill of sale. Defendant testified that the remaining one-half interest in the business had been transferred by plaintiff to him in 1961; however, no bill of sale of this transfer was introduced into evidence. Two beverage department employees testified that plaintiff in 1961 had transferred the liquor license from herself to the defendant. At the close of the evidence, plaintiff-appellant moved for a directed verdict which was denied. The jury returned a verdict for the defendant. Plaintiff then moved for judgment in accordance with motion for directed verdict and for new trial. The trial court denied these motions and this appeal followed.
Plaintiff-appellant primarily argues that there was no competent evidence to support the defendant’s claim that there had been a transfer of title to the business from plaintiff to defendant for the court committed error in admitting into evidence a photocopy of a bill of sale and in refusing to instruct the jury on the law regarding delivery of a bill of sale; and because the only other evidence of a transfer was defendant’s and the two beverage employees’ testimony which was legally insufficient to prove any transfer. We cannot agree.
Basically, this case presents the typical situation wherein the jury hears the testimony (which is conflicting), observes the demeanor of the witnesses and then resolves the disputed issues of fact. After a review of the record on appeal, we have determined that there was substantial" evidence to support the jury’s conclusions on the questions of fact and, therefore, we will not disturb the verdict. See 2 Fla.Jur. Appeals §§ 342, 343 (1963). With regards to the bill of sale, we find it was not reversible error for the trial court to have admitted into evidence the ph'otostatic copy of the bill of sale nor was it prejudicial error to have refused to instruct the jury concerning the delivery thereof. See 13 Fla.Jur. Evidence § 190 (1957); Development Corporation of America v. United Bonding Ins. Co., 413 F.2d 823 (5th Cir. 1969), cert. denied, 396 U.S. 957, 90 S.Ct. 430, 24 L.Ed.2d 422, and 15 Fla.Jur. Gifts §35 at 217 (1957).
Accordingly, the judgment herein appealed is affirmed.
Affirmed.