SCHEB, Judge.
Appellee Elwyn Raymond Burns sued appellant Pennsylvania National Mutual Casualty Insurance Company (Penn) for its wrongful refusal to pay a judgment which Burns had obtained against one of Penn’s insureds. On appeal we focus on certain evidentiary rulings and reverse for the trial court’s refusal to allow Penn to introduce an unsigned copy of an insurance endorsement.
On October 31, 1973, Burns obtained a judgment for $28,000 against Clayton Bower for damages arising out of an automobile accident in which Bower had been driving a 1964 Oldsmobile. Penn refused to pay the judgment on behalf of its insured Bower, claiming that an endorsement, issued by Penn’s local agent at Bower’s request prior to the accident, had eliminated coverage for Bower’s Oldsmobile. Burns then instituted the present action against Penn. Penn answered and filed a third-party complaint for indemnity against its local agent, John P. Huth Insurance, Inc., and John P. Huth, individually, requesting that they be held liable for any damage which ensued should the court find that Penn improperly deleted coverage.
The case proceeded to jury trial. Over objection by Penn, the court permitted Burns to introduce a copy of the policy which Penn had issued to Bower, but refused to allow Penn to introduce a copy of an endorsement purportedly deleting coverage of the Oldsmobile. The trial court directed verdicts in favor of Burns against Penn and in favor of Huth Insurance and Huth on Penn’s claim for indemnity. Subsequently, the court entered judgment in favor of Burns against Penn for $28,000, plus interest and costs.
Penn argues here that the trial court erred in declining to direct a verdict in its favor on the ground that appellee Burns failed to introduce the countersigned original insurance policy. Further, it contends that the court erred by refusing to admit into evidence a copy of the endorsement. We reject Penn’s first point, but agree with its second contention.
The sufficiency of the foundation necessary for admission of a copy of an original document rests largely in the discretion of the trial court. Development Corp. of America, Inc. v. United Bonding Insurance Co., 413 F.2d 823 (5th Cir.), cert. denied, 396 U.S. 957, 90 S.Ct. 430, 24 L.Ed.2d 422 (1969); Western, Inc. v. United States, 234 F.2d 211 (8th Cir. 1956); Askins v. Easterling, 141 Colo. 83, 347 P.2d 126 (1959). Bower testified that he had taken the original policy to his attorney some years before the trial, that the attorney had left town, and that his efforts to contact him had been unsuccessful. Given this testimony, and the fact that Bower obtained the copy of the policy from sources which *304 included Penn, the trial judge did not abuse his discretion in admitting the copy. It follows that there is no merit to Penn’s related contention concerning the lack of a countersignature on the policy since Section 624.425, Florida Statutes (1977), contemplates a countersignature only on an original policy.
The court, however, should have admitted the copy of the endorsement offered into evidence on behalf of Penn. Huth testified that Bower had requested the deletion of coverage, and that his office had issued an endorsement to that effect on May 11, 1970, prior to the accident. Moreover, the evidence showed that Huth had credited Bower’s account with a premium refund on the basis of the endorsement. Although the trial court did not specify its reason for excluding the copy, the court apparently did so because the copy was not signed and, consequently, that a sufficient predicate for admission had not been laid under the Best Evidence Rule. Since carbon copies destined for business records are customarily not signed, and the copy was kept in the regular course of business, there was no indication of unreliability upon which to base exclusion of the copy. A sufficient predicate for admission was also laid under the Uniform Business Records as Evidence Act when Huth testified as to the identity and mode of preparation of the copy, and that it had been made in the regular course of his business at the time of the alleged deletion of coverage. § 92.36, Fla.Stat. (1977). Consequently, the trial court abused its discretion in refusing to admit the copy of the endorsement.
Since Bower denied requesting deletion of coverage on his Oldsmobile, had the court admitted into evidence the copy of the endorsement there would have been a factual issue for the jury to resolve as to whether there had been a deletion of coverage at Bower’s request. Thus, a directed verdict in favor of Burns against Penn was improper, and we hereby reverse that judgment. It also follows that the directed verdict in favor of Huth and Huth Insurance against Penn and the order taxing costs to Penn were improper, and we hereby reverse those judgments.
Reversed and remanded for further proceedings consistent with this opinion.
GRIMES, C. J., and BOARDMAN, J., concur.