PER CURIAM.
This is an appeal from a final judgment for the appellee, Allstate Insurance Company, entered by the trial court pursuant to a non-jury trial whereby the appellant, R. A. Piloto, Inc., sought to recover under a business package policy of insurance issued by the appellee.
On January 31,1976, the appellee issued a business package policy of insurance to the appellant covering, among other things, fire insurance. Monthly payments were to be made for a period of ten months to pay the premium for the twelve months’ insurance. The appellant had a history of being delinquent in its payments and the policy was cancelled effective April 21,1976 because of an unpaid premium. A short payment had been made prior to the cancellation and, while the short payment was credited to the appellant’s account, the insurance was not reinstated. The appellant was advised the policy would be reinstated only upon payment of the balance of the premium due. When full payment was received, the policy was reinstated. The appellant again became delinquent on the May and June payments. As a result, the appellee mailed a cancellation notice to the appellee on June 16, notifying it the policy would be can-celled July 19, 1976 for non-payment of premium and a final audit of the workmen’s compensation coverage was ordered. On July 21, two days after the policy was can-celled, the appellant sent another short payment of premium to the appellee. The receipt given by the appellee for this payment provided that the remittance, in whole or in part, shall not operate to reinstate the policy. On July 29, the appellant’s business burned down. The appellee refused to reinstate the appellant’s policy and denied coverage for the loss. As a result, the instant suit was brought, seeking damages under the policy. The coverage question was tried separately and determined adversely to the appellant, resulting in this appeal.
On appeal, the appellant contends the trial court erred in: (1) Permitting a Xerox copy of an affidavit of a deceased mail clerk into evidence, when the contents thereof had not been properly verified and the copy is certainly not the best evidence. (2) Holding the policy was properly cancelled, when the appellee is estopped from alleging cancellation by its acceptance of a partial premium payment subsequent to cancellation but prior to loss.
It would appear that both points raised by the appellant are without merit. The evidence clearly shows there was an effective cancellation of the policy, which was not reinstated by partial payment of *1031 premium after cancellation, and that the affidavit to support proof of mailing the notice of cancellation was properly authenticated so as to permit it to be introduced into evidence in the exercise of the trial ■ court’s discretion. Therefore, the order appealed is affirmed on the authority of Aetna Casualty and Surety Company v. Simpson, 128 So.2d 420 (Fla. 1st DCA 1961); Allstate Insurance Company v. Dougherty, 197 So.2d 563 (Fla. 3d DCA 1967); Burgos v. Independent Fire Insurance Company, 371 So.2d 539 (Fla. 3d DCA 1979); Pennsylvania National Mutual Casualty Insurance Company v. Burns, 375 So.2d 302 (Fla. 2d DCA 1979).
Affirmed.