402 So.2d 1287 (1981)
Donald Ellis LOWERY, Appellant,
v.
STATE of Florida, Appellee.
No. 81-174.
District Court of Appeal of Florida, Fifth District.
August 12, 1981.
Rehearing Denied September 2, 1981.
*1288 James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
Donald Lowery a/k/a Arthur Moore was tried and convicted of uttering a forged check in violation of section 831.02, Florida Statutes (1979). Lowery raises three points on this appeal of his conviction.
First, Lowery contends that the trial court erred in not allowing him to cross-examine two of the state's witnesses with regard to a statement made by Lowery at the time of his arrest in a similar uttering of a forged check situation that had been introduced for purposes of identification. Where self-serving declarations do not form a part of the res gestae, they should ordinarily be excluded from a criminal case. Jenkins v. State, 58 Fla. 62, 50 So. 582 (1909); Watkins v. State, 342 So.2d 1057 (Fla. 1st DCA), cert. denied, 353 So.2d 680 (Fla. 1977). Moreover, Lowery did not make any proffer of what the excluded testimony would have been and, therefore, this point has not been properly preserved for appellate review. Ritter's Hotel v. Sidebothom, 142 Fla. 171, 194 So. 322 (1940); Atlantic Distributors, Inc. v. Alson Mfg. Co., 141 So.2d 305 (Fla.3d DCA 1962).
Second, Lowery contends that the trial court erred in allowing testimony to be introduced regarding Lowery's failure to appear for the taking of his handwriting samples. During the course of discovery, the state had moved for the trial court to order Lowery to give samples of his handwriting, and the trial court had done so in accordance with Florida Rule of Criminal Procedure 3.220. However, Lowery never complied with the order. Prior to trial, the defense moved in limine to prohibit the state from mentioning the fact that Lowery had been ordered to give his handwriting samples to the state and that he had not done so. The trial court denied the motion. The trial court's ruling was not in error, since evidence of the refusal to submit to a scientific test is admissible against the accused if the test is both admissible and compulsory. State v. Duke, 378 So.2d 96 (Fla.2d DCA 1979); State v. Esperti, 220 So.2d 416 (Fla.2d DCA 1969).
Third, Lowery contends that the trial court erred in admitting into evidence a photocopy of a photocopy of the original check, which the state had offered in place of the original check since the original had been lost by the police. His argument is two-fold. First, Lowery argues that a check is a negotiable instrument and, therefore, a duplicate of it is not admissible in place of the original pursuant to section 90.953, Florida Statutes (1979), which reads in pertinent part:
A duplicate is admissible to the same extent as the original unless: (1) the document or writing is a negotiable instrument, as defined in section 673.104....
This portion of the above statute was enacted to provide for the introduction of an original negotiable instrument in court in *1289 order to prevent its further negotiation. 1 S. Gard, Florida Evidence § 6:04 (1980). Under this rationale, this portion of the statute is meant to apply in civil suits regarding the enforceability of the negotiable instrument and the statute is not meant to apply in criminal cases. Moreover, the statute does not provide that a duplicate of a negotiable instrument would be inadmissible, it only provides that it would not be admissible to the same extent as the original. Second, Lowery argues that the photocopy of the photocopy is not the best available secondary evidence. It is true that former Florida law recognized degrees of secondary evidence. Wicker v. Board of Public Instruction, 159 Fla. 430, 31 So.2d 635 (1947). However, section 90.954, Florida Statutes (1979), abolishes the distinction made between degrees of secondary evidence. Law Revision Counsel note section 90.954; Evidence in Florida § 8.11, The Florida Bar (2d ed. 1978). Therefore, the trial court did not err in admitting a photocopy of a photocopy of the original check.
AFFIRMED.
FRANK D. UPCHURCH, and SHARP, JJ., concur.