FRANK D. UPCHURCH, Jr., Judge.
Appellant, Lorraine Tillman, appeals the exclusion of a duplicate copy of an ante-nuptial agreement in a proceeding to settle the distribution of an estate. We agree that the exclusion of the copy was improper and reverse.
Lorraine Tillman is the former wife of decedent, Elmer Smith, and is the personal representative of his estate. Appellee, Virginia Smith, is the widow of the decedent. Tillman moved to strike Smith’s petition to take an elective share, contending that Smith had waived her right to an elective share by the terms of an antenuptial agreement. The court denied the motion and granted Smith’s petition for elective share.
Whether a duplicate copy is admissible is controlled by section 90.953, Florida Statutes (1983):
Admissibility of Duplicates.—
*1354 A duplicate is admissible to the same extent as an original, unless:
(1) The document or writing is a negotiable instrument as defined in s.673.-104, a security as defined in s.678.102, or any other writing that evidences a right to the payment of money, is not itself a security agreement or lease, and is of a type that is transferred by delivery in the ordinary course of business with any necessary endorsement or assignment.
(2) A genuine question is raised about the authenticity of the original or any other document or writing.
(3) It is unfair, under the circumstance, to admit the duplicate in lieu of the original.
Smith argued, and the trial court agreed, that the antenuptial agreement was a document involving payment of money and therefore a copy of it was inadmissible under section 90.953(1). While an antenup-tial agreement may evidence a right to the payment of money, we conclude that section 90.953(1) requires more. The purpose of the section is well expressed by commentator Charles W. Ehrhardt as follows:
The drafters of the Code excluded from the general rule of admissibility of duplicates these documents because the possessor of the documents is the owner of the obligation that they represent and the party who may bring a cause of action based on the document. Therefore, the person who possesses the duplicate may not possess the cause of action. For example, if A makes a xerox copy of a promissory note and subsequently negotiates the original to B, under section 90.953(1), A, the transferor, is not able to sue on the xerox copy of the promissory note.
Ehrhardt, Florida Evidence § 953.1 (2d ed. 1984). See also Lowery v. State, 402 So.2d 1287 (Fla. 5th DCA 1981). To fall under section 90.953(1), the agreement would have not only to evidence a right to the payment of money, but be “of a type that is transferred by delivery in the ordinary course of business with any necessary endorsement or assignment ” (emphasis added). Antenuptial agreements are not normally transferred or assigned and delivery with an endorsement or assignment would be rarely, if ever, experienced in business, certainly not in the ordinary course of business. We think the types of documents contemplated by this section are those instruments which require the delivery of the original document properly endorsed which in itself evidences the right to payment of money. It does not include every document that includes a right to receive money among its other provisions. The purpose of section 90.953 was not to restrict the rules of admissibility of duplicates, but to liberalize them. “The effect of this section, which is applicable only if the duplicate is produced by a method which insures accuracy and genuineness, see § 90.951(4), is to save time and expense previously wasted on producing the original when an equally reliable counterpart is at hand.” Law Revision Council Note, 6C. F.S.A. 425, § 90.953 (1976).
We conclude that the trial court improperly determined that the duplicate was inadmissible under section 90.953(1). In so holding, we have not made a determination that the antenuptial agreement is otherwise admissible under either subsection (2) or (3) of section 90.953, Florida Statutes.
Based on this decision, the question as to whether a widow takes her elective share free of estate tax need not be addressed at this time.
REVERSED and REMANDED for further proceedings.
COBB, C.J., and DAUKSCH, J., concur.