COPE, Judge.
Pennsylvania Blue Shield appeals a final judgment in favor of S. Anthony Wolfe, M.D. We affirm.
Dr. Wolfe brought suit against Pennsylvania Blue Shield, seeking payment for services rendered to Blue Shield’s insured. After a bench trial, judgment was entered in favor of the physician.
The insurer contends that the trial court should have granted its motion to dismiss for failure to prosecute under Rule 1.420(e), Florida Rules of Civil Procedure. While the question presented is a close one, we conclude that the trial court did not abuse its discretion in concluding that good cause had been shown based on the factual showing submitted by the physician. We therefore need not reach the physician’s alternative contention that denial of the motion was also mandated by City of Miami v. Katz, 498 So.2d 635, 636 (Fla. 3d DCA 1986), review denied, 506 So.2d 1040 (Fla.1987).
The insurer next contends that there was insufficient evidence to support the judgment. In our view, the testimony of the physician’s office manager about communications with the insurer (which were admissions as to the insurer, see § 90.803(18), Florida Statutes (1989)), as well as the other evidence before the court, established the existence of coverage as to this claim. The evidence established a right of recovery under either theory advanced by plaintiff. See Crown Life Insurance Co. v. McBride, 517 So.2d 660 (Fla.1987); Appalachian, Inc. v. Olson, 468 So.2d 266 (Fla. 2d DCA), review denied, 482 So.2d 347 (Fla.1985); § 627.638, Fla.Stat. (1989).
With regard to the specific evidentiary objections of the insurer, we conclude that the assignment of benefits form was properly authenticated. See § 90.901, Fla.Stat. (1989); C. Ehrhardt, Florida Evidence § 901.1, at 570-71 (2d ed. 1984) (the trial judge “only determines whether prima facie evidence of its genuineness exists. Once the matter has been admitted the opposing party may challenge its genuineness.”); id. § 901.2, at 572 ("Records of a regularly conducted business activity ... are admissible as exceptions to the hearsay rule when such records are authenticated by the testimony of a person with knowledge that the records are what they are claimed to be. The witness need not have actually prepared the records; familiarity with them and the way they are kept is sufficient to authenticate or identify.”). The copy of the document was admissible *1363 instead of the original. See § 90.953, Fla. Stat. (1989).
The authentication requirement was likewise met with regard to the canceled check from the insurer to the physician. In this instance also, the trial court properly admitted a photocopy, rather than the original. The insurer’s objection based on subsection 90.953(1), Florida Statutes, is misplaced. The purpose of that subsection is to require production of the original where there is an action on a negotiable instrument. In such instances, the original instrument must be brought forward both to demonstrate the right to payment and to preclude the possibility that the instrument has already been negotiated. See § 90.953, West’s Fla.Stat.Annot. (1979) (Sponsor’s Note); C. Ehrhardt, Florida Evidence § 953.1, at 605 & n. 5; Lowery v. State, 402 So.2d 1287, 1288-89 (Fla. 5th DCA 1981). In the present case, by contrast, the canceled check had already been negotiated. The purpose of introducing the instrument was to show that the insurer had, in fact, already paid one installment on the physician’s claim. See § 90.953, West’s Fla.Stat.Annot. (1979) (Sponsor’s Note) (“This section recognizes that when the primary goal of the party offering a duplicate is to place the words or other contents before the court, the duplicate serves his purpose as well as does the original.”); Lowery v. State, 402 So.2d at 1288-89. The trial court properly overruled the insurer’s objection.
The final judgment is affirmed.