PER CURIAM.
Appellant was convicted of uttering a false instrument and grand theft for having deposited a forged check from a pension fund, of which he was not a beneficiary, and obtaining cash in return. We affirm appellant’s convictions, rejecting his contention that the trial court erred in admitting the duplicate forged check. We conclude that the check was admissible under section 90.953, Florida Statutes, and that none of the exceptions within the statute applied. See Lowery v. State, 402 So.2d 1287 (Fla. 5th DCA 1981). He also argues that the court erred in allowing an investigator for the pension fund to testify that he had searched the pension fund records and did not find appellant’s name in the list of beneficiaries, claiming that such evidence is hearsay. As the supreme court noted in Garcia v. State, 644 So.2d 59, 62 (Fla.1994), it is doubtful that such testimony is hearsay at all. In this case, even if it were inadmissible hearsay, its admission was harmless.
Finally, he claims that his sentence was vindictive and imposed for rejecting an earlier plea offer. However, having reviewed the criteria set forth in Wilson v. State, 845 So.2d 142, 156 (Fla.2003), to evaluate whether a sentence is vindictive, we conclude that the criteria have not been met in this case. The trial judge did not initiate or participate in the negotiations; the judge never implied that his sentence would hinge on his choice to go to trial; and there were other reasons for the disparity between the plea offer and the ultimate sentence, not the least of which was appellant’s prior criminal history.

Affirmed.

WARNER, GROSS and TAYLOR, JJ., concur.