Per Curiam.
The appellant challenges a final judgment, contending that the court erred in admitting store receipts and photocopies of checks into evidence. We affirm, applying the tipsy coachman doctrine.[1] Where store *863 receipts have distinctive- logos and are identified by the purchaser as the receipts of the actual items purchased at the store by the purchaser, they are sufficiently authenticated and admissible to corroborate the testimony of the purchaser regarding the purchase. See Gosciminski v. State, 132 So.3d 678, 700 (Fla. 2013). Photocopies of cancelled checks are admissible as a duplicate of the original. See § 90.953, Fla. Stat. (2015); Pa. Blue Shield v. Wolfe, 575 So.2d 1361, 1363 (Fla. 3d DCA 1991). The trial court did not err in admitting the evidence. Moreover, as the documentary evidence was cumulative to the precise facts of the purchases to which the appellee and his wife, the purchasers, testified, any error in the admission of the evidence was harmless. Special v. W. Boca Med. Ctr., 160 So.3d 1251, 1256 (Fla. 2014).

Affirmed,

Warner, Levine and Forst, JJ., concur.

. Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644-45 (Fla. 1999) (holding that even though a trial court’s ruling is based on improper reasoning, the ruling will be upheld if there is any theory or principle of law in the record which would support the ruling).