GRIMES, Judge.
Appellant challenges his conviction for statutory rape, incest and three counts of sexual battery. Among other things, he contends that the court erred in admitting certain testimony in violation of the “Williams Rule.”
The state proffered a statement which appellant made after an officer read him the Miranda warnings in the booking room at the police station. According to the officer, appellant said, “Last time you arrested me for this I fell for it and I told you the truth that I did it. Look where it got me then. I’m not falling for it this time.” Defense counsel objected to the statement on the ground that it would improperly place appellant’s character in issue.[1] The court permitted the introduction of the statement with the elimination of the words “for this,” thereby deleting any reference to appellant having been previously arrested for the same offense.
Appellant ultimately took the stand and denied all of the charges against him. By interpreting the statement to mean that appellant was saying that he intended to lie about the charges this time, the state contends that it was admissible as impeachment. If that was what appellant meant, the court largely negated the statement’s value for impeachment purposes by deleting the words “for this,” thereby eliminating the relationship between the previous charges and those for which he was on trial. In any event, the statement was not proper as impeachment because it was introduced during the state’s case-in-chief before appellant testified. The state’s argument that this is irrelevant because the statement could have been introduced in rebuttal is unpersuasive. There is no way to know whether appellant would have testified if the statement had not been previously introduced.[2]
Another reason exists for rejecting the state’s argument. A more likely interpretation of appellant’s statement is that when he was last arrested he had admitted his guilt to his detriment so he was not going to say anything this time. The statement is thus essentially the equivalent of a refusal to talk, and so it has no value for impeachment purposes.
We are also unable to see how the edited statement was relevant to any of the other essential issues. Therefore, it tended only to place appellant’s character (criminal propensity) in issue by demonstrating that he had been previously arrested. This is precisely what Williams v. State, 110 So.2d 654 (Fla.1959), as codified in section 90.404, Florida Statutes (1979), tries to avoid. See, also, Curry v. State, 355 So.2d 462 (Fla.2d DCA 1978).
We find no merit in the other points which appellant raises. We reverse the judgment and remand the case for a new trial.
SCHEB, C. J., and HOBSON, J., concur.

. Counsel also argued that the statement was an improper comment on appellant’s right to remain silent, but he did not make a motion for mistrial. Therefore, to the extent that the recitation of the statement may have violated appellant’s fifth amendment rights, the error was waived. Clark v. State, 363 So.2d 331 (Fla.1978).

. We are unwilling to extend the principle of Duncan v. State, 291 So.2d 241 (Fla.2d DCA 1974), beyond the particular facts of that case.