425 So.2d 214 (1983)
Scottie Dale FAGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-554.
District Court of Appeal of Florida, Fourth District.
January 19, 1983.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
*215 PER CURIAM.
Fagan was found guilty of various criminal offenses, including possession of a firearm while engaged in a felony. Fagan was prevented from having the arresting officer testify as to an exculpatory statement made by Fagan at the time of his arrest. Fagan makes this a point of his appeal. We affirm. No abuse of discretion or error of law has been made to appear. The statement was clearly hearsay inasmuch as Fagan chose not to testify at his trial. Sections 90.801(1)(b), (c) and 90.801(2), Florida Statutes (1981). It did not fit into any of the three exceptions, namely, res gestae, statement against penal interest and admissions of a party opponent. The statement was made a substantial time following the commission of the offense without indicia of spontaneity or excitement. It was exculpatory and self-serving rather than contrary to Fagan's interests. There was no corroboration or other basis for its truthfulness and reliability. Its admission would be contrary to the rules of evidence.
The parties agree and we agree that this case must be remanded to the trial court with instructions to either relinquish jurisdiction over the first third of Fagan's sentence or to state with individual particularity the justification for retaining jurisdiction. Section 947.16(3)(a), Florida Statutes (1981); Oliver v. State, 414 So.2d 1087 (Fla. 2d DCA 1982).
Affirmed and remanded with instructions.
ANSTEAD, DELL and WALDEN, JJ., concur.