485 So.2d 847 (1986)
Gustavo Angel GARCES, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-920.
District Court of Appeal of Florida, Third District.
March 11, 1986.
Rehearing Denied April 14, 1986.
Bennett H. Brummer, Public Defender, and Barbara S. Levenson, Sp. Asst. Public Defender, for appellant.
*848 Jim Smith, Atty. Gen., and Mark J. Berkowitz, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
FERGUSON, Judge.
Defendant, Gustavo Angel Garces, appeals from a judgment of conviction and sentence for trafficking in cocaine by possession, and from the fifteen-year mandatory minimum sentence which was imposed.
In June 1984, Miami Police detective George Lopez met with German Mederos who, according to a police informant, was interested in purchasing six kilograms of cocaine. After several meetings and phone calls between Lopez, Mederos, and Rolondo Hernandez, Mederos informed Lopez that he was ready to complete the transaction and asked Lopez to meet him at his home. When Lopez arrived at Mederos' house, he was introduced to Guillermo Hincapie, Fernando Castano, and the defendant. After some discussion about how the exchange should take place, the parties agreed to bring in the money before Lopez turned over the cocaine.
Hincapie and the defendant went outside to get the money. The defendant stood outside and acted as a look-out as Hincapie drove his car into the garage. After Hincapie retrieved the money from the car's secret compartment the two men went back inside. A second undercover officer brought in a tote bag containing two packs of cocaine. Hincapie removed one of the packs from the bag, examined the cocaine, and commented on its quality. He handed the pack over to the defendant who examined it momentarily before passing it on to Castano. While the defendants were examining the cocaine, and before any money was exchanged, one of the men went to answer the telephone. Fearing that the arrest team would be seen as the phone was being answered, the second officer produced a firearm and placed the men under arrest.
Hernandez, Mederos, Castano, Hincapie and the defendant were charged with trafficking in cocaine by delivering cocaine or aiding, abetting, counseling, hiring or procuring the delivery, and/or by knowingly being in actual or constructive possession of four hundred grams of cocaine in violation of section 893.135, Florida Statutes (1983).
At the close of the State's case, defendant moved for a judgment of acquittal based on the State's failure to prove that he had taken part in the delivery of the cocaine or to prove that he was in possession of the cocaine. The motion was denied. By this appeal defendant asserts that the trial court erred in denying his motion for judgment of acquittal.
A similar fact situation was presented in Sobrino v. State, 471 So.2d 1333 (Fla. 3d DCA 1985) (citing Wheeler v. State, 691 P.2d 599, 602 (Wyo. 1984) and 3 C. Torcia, Wharton's Criminal Evidence § 648 (13th ed. 1973)). It was held there that a buyer or receiver of drugs commits a crime of possession or attempted possession, not delivery. We further noted that if the offense charged had been trafficking, the defendant could have been convicted of an attempted trafficking by possession in violation of sections 893.135(1)(a) and 777.04(1), Florida Statutes (1983), but not of the completed offense because police officers effected an arrest before the drugs were released to the actual or constructive possession[1] of the defendants. Temporary control of the contraband in the presence of its actual owner, for the purpose of verifying that it is what it purports to be or to conduct a sensory test for quality, prior to consummation of the contemplated transaction, without more, does not constitute legal possession.
*849 We agree, on authority of Sobrino v. State, and the authorities it relied upon, that the facts support a conviction for no more than attempted trafficking by possession and that the conviction should be reduced to the lesser offense accordingly.
Reversed and remanded with instructions to reduce the conviction to attempted trafficking and to resentence the defendant.
NOTES
[1] Possession is "[t]he detention and control, or the manual or ideal custody, ... of property, for one's use and enjoyment, either as owner or as the proprietor of a qualified right in it, and either held personally or by another who exercises it in one's place and name." Black's Law Dictionary 1047 (5th ed. 1979).