SHIVERS, Judge.
Ronnie Neal appeals the trial court’s denial of his motion for judgment of acquittal and the trial court’s departure from the recommended guidelines sentence. We affirm.
Ronnie Neal was a deputy with the Gadsden County Sheriff’s Department. He was convicted of burglary (Section 810.02, Florida Statutes) and grand theft (Section 812.-014, Florida Statutes) of NAPA Auto Parts Store based on his involvement as an aider and abettor. He also pled nolo contendere to the charge of accessory to shooting into an occupied dwelling (Section 790.19, Florida Statutes, Section 777.03, Florida Statutes). The trial court departed from the recommended guidelines sentence of any non-state prison sanction. Neal received a ten year sentence.
We affirm the denial of Neal’s motion for judgment of acquittal because the state has brought forth competent, substantial evidence to support every element of the crimes of burglary and grand theft. Downer v. State, 375 So.2d 840, 845 (Fla.1979); Cunningham v. State, 385 So.2d 721, 722 (Fla. 3rd DCA 1980), rev. denied, 402 So.2d 613.
The trial court gave the following reason for departure from the recommended guidelines sentence:
The sentences are not in accordance with sentencing guidelines as such guidelines are wholly inadequate and inappropriate for application to the crimes involved here. The fact that defendant was a deputy sheriff and trusted law enforcement officer renders imposition of only non-state prison sanctions unthinkable. Only because defendant was such an officer fully cooperating with a person or persons actually perpetrating burglaries and thefts were these crimes made possible resulting in massive losses to the victims over a two month period. The defendant’s involvement in the shooting into the dwelling of the police chief is so reprehensible that only a substantial punishment near that of the maximum permitted by statute is appropriate.
We construe the paragraph to be a single reason sufficient to support deviation from the recommended sentence. The single reason is that the defendant used his position as an officer of the law to facilitate criminal activity. Abuse of a position of public trust has been held to be a proper reason for departure where the defendant, a police officer, furnished police-issued handcuffs to facilitate a crime. Spain v. State, 475 So.2d 944, 946 (Fla. 4th DCA 1985), rev. denied, 486 So.2d 597 (Fla.1986).
AFFIRMED.
ZEHMER and BARFIELD, JJ., concur.