508 So.2d 776 (1987)
Ronnie L. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. BO-364.
District Court of Appeal of Florida, First District.
June 23, 1987.
*777 Michael E. Allen, Public Defender, Pamela D. Presnell, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant appeals that portion of his sentence imposing 200 hours of community service in lieu of paying court costs in the amount of $225.00, alleging that the hours of community service should have been credited against the court costs at a rate equivalent to minimum wage. We agree and reverse.
Appellant pled guilty to the charge of resisting arrest with violence, and the trial court sentenced him to prison for thirty months. The trial court also ordered appellant to perform 200 hours of community service in lieu of paying the following costs: $20.00 pursuant to section 960.20, Florida Statutes (1985); $3.00 and $2.00 pursuant to sections 943.25(4) and (8), Florida Statutes (1986), respectively; and $200.00 pursuant to section 27.3455, Florida Statutes (1985).
Section 27.3455(1), Florida Statutes (1985), provides that "[e]ach hour of community service shall be credited against the additional cost imposed by the court at a rate equivalent to the minimum wage."
Appellee concedes the error but contends that the issue is not cognizable on direct appeal in light of appellant's failure to contemporaneously object to the mistake at the sentencing hearing. We disagree. Sentencing errors, not involving a factual dispute, which produce an illegal sentence and are apparent from the record may be raised on appeal without a contemporaneous objection. State v. Rhoden, 448 So.2d 1013 (Fla. 1984) (trial court's failure to make affirmative findings before imposing adult sanctions on juvenile was apparent from the record); Walker v. State, 462 So.2d 452 (Fla. 1985) (trial court's failure to make findings of fact before sentencing defendant as a habitual offender was apparent from the record); State v. Snow, 462 So.2d 455 (Fla. 1985) (trial court's alleged failure to state with individual particularity reasons for retention of jurisdiction over one-third of defendant's sentence was determinable from the record); State v. Whitfield, 487 So.2d 1045 (Fla. 1986) (points improperly added to scoresheet for victim injury was apparent from the record because the defendant had been convicted of aggravated assault, a crime not involving victim injury); Knight v. State, 501 So.2d 150 (Fla. 1st DCA 1987) (trial court's error in departing from the sentencing guidelines without giving clear and convincing reasons was apparent from the record). See also, Dailey v. State, 488 So.2d 532 (Fla. 1986) (points improperly added to the guidelines scoresheet because defendant was not under legal constraint when original *778 offense occurred and because there was no supporting evidence for the scoring of victim injury involved factual matters not determinable from the record on appeal).
In the present case, the sentencing error, which produced an illegal sentence, is apparent from a review of the record. We therefore reverse and remand for resentencing. Upon remand, appellant will be resentenced under amended section 27.3455, Florida Statutes (1986 Supp.) which deletes the community service alternative for indigent defendants and provides that any defendant found guilty of a felony is to be assessed $200 in court costs. See Jones v. State, 507 So.2d 763 (Fla. 1st DCA 1987). The other costs likewise shall be assessed without imposition of any community service.
REVERSED.
BOOTH, C.J., and ERVIN and SMITH, JJ., concur.