511 So.2d 442 (1987)
David Sylvester LOGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2227.
District Court of Appeal of Florida, Fifth District.
August 20, 1987.
*443 James B. Gibson, Public Defender and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The State concedes that the guidelines scoresheet includes points for an "additional offense at conviction" for which appellant had not yet been convicted because that charge had been severed for separate trial. Eliminating these points results in a lower presumptive sentence, so we vacate the sentence and remand for resentencing. There is no evidence in the record to support defendant's assertion that the trial court imposed a more severe penalty because defendant asserted his right to go to trial. Any such penalty would be clearly unconstitutional, McEachern v. State, 388 So.2d 244 (Fla. 5th DCA 1980), but the sentence imposed was within the limits of what was believed to be the appropriate presumptive guidelines sentence.
We reject appellant's contention that the trial court erred in refusing to allow the arresting officer or defendant's captor to testify as to defendant's exculpatory statements made over four hours after the burglary. The defendant chose not to testify at trial. The self-serving statements, made under circumstances showing their lack of trustworthiness, are clearly hearsay and are not admissible under any of the hearsay exceptions. § 90.801, Fla. Stat. (1985); Fagan v. State, 425 So.2d 214 (Fla. 4th DCA 1983). The trial court did not abuse its discretion in excluding this proposed hearsay testimony.
Conviction AFFIRMED, Sentence VACATED and REMANDED.
DAUKSCH and SHARP, JJ., concur.