WIGGINTON, Judge.
Before us is an appeal brought pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), wherein appellant has filed a pro se brief challenging his sentence on the basis of alleged improperly scored points for victim injury. We affirm appellant’s convictions for battery, resisting arrest with violence, and robbery, and we note that at the sentencing hearing, pursuant to a plea agreement, appellant received an effective sentence of ten years, which was within the guidelines range. However, the score-sheet, reflecting robbery as the primary offense at conviction, does not list as additional offenses at conviction the counts of battery and resisting arrest with violence. Those convictions would justify the scoring of fourteen points for victim injury. See Fla.R.Crim.P. 3.701 d.7. Consequently, we must remand the cause for correction of the scoresheet to reflect the oral pronouncement of sentence and the additional offenses at conviction. Beverly v. State, 516 So.2d 30 (Fla. 1st DCA 1987).
We also reverse on the basis that costs of $225 were improperly imposed without affording appellant notice and an *330 opportunity to object, and a hearing on indigency. Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987).
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
BOOTH and THOMPSON, JJ., concur.