530 So.2d 61 (1988)
James Henry MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. BR-495.
District Court of Appeal of Florida, First District.
April 6, 1988.
On Motion for Rehearing and Clarification August 31, 1988.
*62 Michael E. Allen, Public Defender and Ann Cocheu, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Appellant James Henry Moore appeals his conviction and sentence, after a jury found him guilty of the offense of aggravated child abuse. Three points are presented for our review: (1) whether the trial court erred in admitting appellant's pre-trial statements into evidence as impeachment, when appellant did not testify at trial; (2) whether the trial court erred in departing from the recommended guideline sentence, on the basis of violation of a position of trust; and (3) whether the trial court erred in imposing costs against appellant without prior notice. We affirm in part and reverse in part, and remand for resentencing.
In a two-count information, appellant was charged with aggravated child abuse and with sexual battery of his 17-year old daughter. The evidence at trial established that the daughter's life had been spent with first one relative and then another. She was residing with appellant and his girlfriend at the time of the incident which is the subject of this appeal, but had been there only three weeks. Three months before moving into appellant's house, the daughter lived with her boy friend and his family.
According to the daughter's testimony, appellant disliked her boy friend and disapproved of her relationship with him. On April 11, 1986, she spent the night with her boy friend, and appellant ordered her out of his house. The daughter considered going to Georgia to live with her grandmother, but she did not have money for bus fare. She spent the next two or three days drifting around the streets and bars, until one of her acquaintances arranged for her to have sex with a friend so she could get money for the trip to Georgia. She missed her bus, and at 6:00 a.m., the police picked her up and took her to her aunt's house. After the police contacted her father at work, the aunt returned her to her father's house. Shortly thereafter, her father came back from work.
The daughter said appellant was angry about her life style and angry at her unconcern *63 regarding his dislike of her boy friend. Appellant scolded and berated her, and then beat her bottom repeatedly with some object which she could not see. Midway through the beating, appellant ordered her to remove her pants, and he then beat her with a hose. The daughter testified that after the beating, appellant had sexual intercourse with her.
That evening, the daughter reported the incident to the police. She was interviewed by Officer Lindsey at appellant's house, taken to the hospital, and then to a shelter. During cross examination, she acknowledged telling the caseworkers that her father never had sex with her; and that she invented the story because she was angry about the beating he inflicted on her.
A pediatrician with the Child Protection Team testified that she examined the daughter during the early morning hours of April 16, 1986, at which time the bruises on her buttocks and legs measured 15 X 15 centimeters. The pediatrician described the beating as excessive when compared with her observations of other child victims of beatings. The emergency room physician who conducted a pelvic examination and gathered evidence for the rape kit, stated he observed bruises and contusions on her buttocks and left thigh. The rape kit lab results were inconclusive.
Also on April 16, 1986, Officer Lindsey returned to appellant's house. Appellant consented to a search, and told the officer he had some pieces of hose in the trunk of his car. When appellant opened the trunk of his car, the officer seized two hose lengths which were there. Later that same day, appellant went to the Police Department where he talked with the police chief. Over objection the chief testified that during the first interview, appellant denied beating and sexually battering the daughter. The chief stated he re-interviewed appellant on April 21, 1986, and at that time appellant denied his daughter's allegation of sexual contact, but admitted striking her with his fist and a shoe.
The jury acquitted appellant of the sexual battery, but found him guilty of aggravated child abuse. The recommended guideline sentence was community control or a 12 to 30 month period of incarceration. The trial court imposed a 4-year sentence, providing as reason therefor that appellant violated a position of trust with the victim.
The first point raised on this appeal concerns the admission of appellant's pre-trial exculpatory statements. Exculpatory statements made by a defendant who chooses not to testify at trial constitute inadmissible hearsay not within any of the exceptions to the hearsay rule. Watkins v. State, 342 So.2d 1057 (Fla. 1st DCA), cert. denied, 353 So.2d 680 (Fla. 1977); Logan v. State, 511 So.2d 442 (Fla. 5th DCA 1987); Fagan v. State, 425 So.2d 214 (Fla. 4th DCA 1983); Lowery v. State, 402 So.2d 1287 (Fla. 5th DCA 1981). Such statements cannot be offered against an accused during the state's case-in-chief, because "[a] witness may not be impeached before he has testified." Erp v. Carroll, 438 So.2d 31, 35 (Fla. 5th DCA 1983); Giddens v. State, 404 So.2d 163, 164 (Fla. 2d DCA 1981); Ehrhardt, Florida Evidence, § 608.1 (2d ed. 1984).
Although self-serving hearsay statements are inadmissible, an out-of-court admission by the accused is admissible under section 90.803(18), Florida Statutes, when offered by an adverse party.[1] Ehrhardt, Florida Evidence, § 803.18, at 515. When the statements are in the nature of a confession rather than an admission against interest from which guilt may be inferred, a necessary predicate for introduction of the statements is proof of the corpus delicti.[2]Hutton v. State, 332 So.2d 686, *64 687 (Fla. 1st DCA 1976); Ehrhardt, § 803.18, f.n. 13, at 515-516.
In this case, the police chief was permitted to testify concerning two pretrial interviews he conducted with appellant. During the first interview, appellant denied both the sexual battery and child abuse allegations. During the second interview, he again denied the sexual battery, but admitted that he struck his daughter with a shoe and with his fist. Since the state presented independent proof that a beating was inflicted on the daughter, and that some other person was responsible, this second statement was properly admitted pursuant to section 90.803(18), as a confession of criminal activity to a police officer. On the other hand, it was improper to admit the statements made by appellant during the first interview, since these statements were self-serving hearsay not within any of the exceptions. However, in light of appellant's acquittal of the sexual battery count, we find admission of these exculpatory statements was not harmful error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
The second issue is directed to the trial court's reason for departure, that is, that appellant violated a position of trust. Breach of trust has been held a permissible reason for departure in some instances. See Hankey v. State, 485 So.2d 827 (Fla. 1986); Neal v. State, 492 So.2d 1135 (Fla. 1st DCA 1986); Jefferson v. State, 489 So.2d 860 (Fla. 1st DCA 1986); Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla. 1985); Ross v. State, 478 So.2d 480 (Fla. 1st DCA 1985). In those cases which approved violation of the trust bestowed on the defendant by the victim as a reason for departure, the victim's trust in the defendant was the factor that made the crime possible. See Davis v. State, 517 So.2d 670 (Fla. 1987).
The record in this case is clear that the relationship between appellant and his daughter was a biological relationship, and nothing more. The daughter had never lived in appellant's home or under his supervision for any extended period of time. In fact, when she angered appellant by spending the night with her boy friend, he put her out of his house. Thus, we find the fact scenario presented in this case is not conducive to a departure reason predicated on violation of trust. Since we find the aggravated child abuse in this case was not made possible by virtue of any trust the daughter reposed in appellant, we disapprove the departure sentence as not supported by clear and convincing reasons. Fla.R.Crim.P. 3.701(d)(11).
The third issue concerns the imposition of costs without prior notice. The trial court sentenced appellant to four years incarceration, to be followed by six years probation. As a special condition of probation, the trial court imposed costs pursuant to sections 960.20, 943.25(4), and 943.25(8), Florida Statutes (1985), and assessed $400 in attorney's fees without citing statutory authority for the fees.
It is well settled that before costs may be assessed pursuant to sections 960.20, 943.25, and 27.3455, the state must provide a defendant with adequate notice and an opportunity to object to the assessment. Mays v. State, 519 So.2d 618 (Fla. 1988); Jenkins v. State, 444 So.2d 947, 950 (Fla. 1984); Gaskin v. State, 513 So.2d 1087 (Fla. 1st DCA 1987); Riddell v. State, 509 So.2d 956 (Fla. 1st DCA 1987); Harris v. State, 498 So.2d 1371 (Fla. 1st DCA 1986). Furthermore, the imposition of such costs may be challenged even though no objection was raised in the trial court. Harriel v. State, 520 So.2d 271 (Fla. 1988); Farnam v. State, 516 So.2d 329 (Fla. 1st DCA 1987); Bellinger v. State, 514 So.2d 1142 (Fla. 1st DCA 1987); Brown v. State, 508 So.2d 776 (Fla. 1st DCA 1987).
There is nothing in this record to indicate appellant received adequate notice regarding any of the costs imposed. Therefore, we find the assessment of costs and attorney's fees must be reversed and remanded for proceedings conducted in compliance with due process requirements. See Harriel, *65 520 So.2d at 271; Mays, 519 So.2d at 619; Jenkins, 444 So.2d at 949-950; Bellinger, 514 So.2d at 1143.
In summary, we conclude that in the circumstances of this case, admission of appellant's self-serving statements was harmless error, and affirm as to point one. As to point two, we reverse the departure sentence, and remand for resentencing within the recommended guidelines range. See Shull v. Dugger, 515 So.2d 748 (Fla. 1987); Williams v. State, 492 So.2d 1308 (Fla. 1986). Finally, we reverse point three and remand with directions to hold further proceedings, after providing appellant with adequate notice and opportunity to object on the issue of costs.
Accordingly, appellant's conviction is affirmed, but the sentence and costs imposed are reversed and remanded for further proceedings consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.
JOANOS, J., concurs and dissents with written opinion.
JOANOS, Judge, concurring and dissenting:
I concur with the majority decision on points one and three, but I dissent from the majority view as to the second issue. I conclude that in the circumstances of this case, violation of trust was a valid reason to exceed the recommended guideline sentence. It is undisputed that appellant is the natural father of the victim. Although the victim had not lived with appellant on a permanent basis, at the time of the offense she was residing in his house, and was under his supervision. Furthermore, the record reflects that appellant was concerned about the daughter's behaviour and had attempted to exercise some control over her activities. Some months before the incident which resulted in appellant's conviction, he sought counseling and assistance in controlling his daughter, from the same officer the daughter called to report the incident. Appellant was exercising a form of parental authority which was carried to excess in this instance, when he administered the beating which resulted in his arrest. The daughter had been returned to the appellant's house by the aunt because of the parent-child relationship. Accordingly, the departure reason set forth by the trial court was appropriate in the circumstances of this case, since the offense for which appellant was convicted and sentenced can properly be viewed as a breach of familial authority. See: Williams v. State, 462 So.2d 36 (Fla. 1st DCA 1984), review denied, 471 So.2d 44 (Fla. 1985).

ON MOTION FOR REHEARING AND CLARIFICATION
PER CURIAM.
The state seeks rehearing and clarification of our opinion reversing a guidelines departure sentence and remanding for resentencing within the recommended guidelines range. We affirm the conviction but consider the points raised by the state as warranting further discussion. Although the state does not contest the result reached in the opinion, it maintains that our initial analysis of the merits of the first issue was incorrect by concluding that the trial court had erred in admitting appellant's pretrial statements into evidence for impeachment purposes, but that reversal was not required because the error was only harmless. The state contends that as no error occurred, citing Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983), there was no necessity for us to apply the harmless error rule; consequently the opinion requires modification. We adhere to our decision as rendered, but grant the state's motion for clarification in order to address the state's assertion that we overlooked Smith as controlling precedent.
The state contends that its purpose for seeking the introduction of appellant's statements given during his first interview with the police chief was to show consciousness of guilt and unlawful intent, rather than to impeach. We recognize that exculpatory statements, when shown to be false, are rendered inculpatory and are *66 treated as admissions. Brown v. State, 391 So.2d 729, 730 (Fla. 3d DCA 1980). See also Padro v. State, 428 So.2d 290 (Fla. 3d DCA), review dismissed, 436 So.2d 100 (Fla. 1983). As admissions, the statements may be introduced during the state's case-in-chief as evidence from which guilt may be inferred. See generally, Smith v. State, supra; Ehrhardt, Florida Evidence, § 803.18 (2d ed. 1984). Section 90.803(18)(a) recognizes as an exception to the rule against inadmissible hearsay, admissions made by a party in his individual or representative capacity. If, however, no proof is adduced showing the defendant's admissions to be false, such statements retain their self-serving character and must be considered as inadmissible hearsay declarations. Although the state recognizes that self-serving statements are inadmissible on such grounds if offered by a defendant, it urges that this principle has no application against the state. In this vein, the state characterizes our initial opinion's reference to Watkins, Logan, Fagan, and Lowery as authority for our position that the lower court erred in admitting the defendant's statements as inapposite, as there  the state points out  the statements were offered by the defendant in an effort to bolster his own testimony, while in the case at bar the statements were offered by the state in order to show the defendant's consciousness of guilt.
We agree that in most instances, the defendant, rather than the state, is the person who attempts to introduce out-of-court exculpatory statements. We disagree, however, with the state's argument that such declarations are automatically admissible under section 90.803(18), if offered by the state. The threshold for admissibility of all evidence is relevancy. See § 90.402, Fla. Stat. (1985). Furthermore, the relevancy of sought-after evidence must be demonstrated by the party seeking its admission. Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982). Because the state has not shown the relevancy of appellant's unrefuted exculpatory statement, the section 90.803(18) exception does not apply.
The state suggests that our decision should be influenced by Smith v. State, and Brown v. State, wherein pretrial statements of the accused were deemed relevant as showing consciousness of guilt, and thus were admissible as exceptions to the hearsay rule. See Smith v. State, 424 So.2d at 730; Brown v. State, 391 So.2d at 730. Our reading of Smith and Brown reveals that in each instance the respective defendant's out-of-court exculpatory statements were later shown to be false. By demonstrating the falsity of the accused's statements in those cases, the state there established the relevancy of the statements.
In this case  unlike the situation involved in Smith  appellant blanketly denied the allegations of sexual battery and child abuse during the first interview with the police chief. During the second interview, appellant again denied the sexual battery accusation, but admitted striking his daughter. By its terms, the section 90.803(18) exception to the hearsay rule contemplates admissibility of statements "offered against a party." Absent proof of their falsity, the self-serving nature of a defendant's exculpatory statements are not admissions from which guilt can be inferred. It follows that unrefuted denials of criminal conduct, such as those made in the instant case, are not relevant to the state's case in a criminal prosecution, hence not admissible under the section 90.803(18) exception.
In addition to seeking clarification of our ruling that the admission of appellant's extrajudicial exculpatory statement was harmless error, the state urges that we overlooked critical facts in determining that no corpus delicti had been established to support admission of the first statement. The state's position is based on a misreading of our opinion, which explained that independent proof of the corpus delicti is a prerequisite to the admissibility of a confession, but not to the admissibility of an admission. Our opinion observed that because the statement made by appellant during the second interview was in the nature of a confession, and the state had presented independent proof of the same, the confession *67 was properly admitted pursuant to section 90.803(18). On the other hand, the record discloses not only that appellant denied the sexual battery, but also that the victim acknowledged to HRS caseworkers that appellant had not sexually assaulted her. Under such circumstances, the state's contention that appellant's statements denying the sexual battery were admissible to show consciousness of guilt and unlawful intent is clearly inappropriate. Because the jury acquitted appellant of this charge, admission of the exculpatory statements was harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
In light of the foregoing, we adhere to our original determination that the admission of appellant's exculpatory statement was error, albeit harmless, and deny the state's motion for rehearing. The motion for clarification is granted to the extent that our original opinion is modified by the foregoing discussion.
ERVIN, JOANOS and BARFIELD, JJ., concur.
NOTES
[1] § 90.803(18)(a), Fla. Stat. (1985), provides:

The provision of s. 90.802 to the contrary notwithstanding, the following are not inadmissible as evidence, even though the declarant is available as a witness.
.....
(18) Admissions.  A statement that is offered against a party and is:
(a) His own statement in either an individual or a representative capacity:
[2] The term "corpus delicti" consists of two elements: proof

(1) that a crime was committed; and
(2) that some person is criminally responsible for the act.
Jefferson v. State, 128 So.2d 132, 135-136 (Fla. 1961); Padro v. State, 428 So.2d 290, 291 (Fla. 3d DCA) review dismissed, 436 So.2d 100 (Fla. 1983).