STONE, Judge.
We affirm the defendant’s conviction of trafficking in cocaine. The defendant asserts that he was not in possession of the cocaine because he did not have dominion and control over it, citing Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986).
Here, the defendant negotiated with an undercover detective to purchase a kilo of cocaine. They agreed upon terms and met in the detective’s car. Lamanto handed thirty two thousand dollars, the agreed price, to the detective, who in exchange handed the defendant a bag containing the cocaine. Lamanto cut open the bag, placed some cocaine on his finger, and tasted it. He then placed the cocaine inside his tote bag and closed it. The door was opened and the defendant was in the process of stepping out of the car when he was arrested.
This evidence was sufficient to prove actual possession. The trial court did not err in denying appellant’s motion for judgment of acquittal. The fact that arresting officers do not intend to let a defendant get away and therefore prevent him from leaving the scene does not preclude a finding of possession. Cf. Angel v. State, 450 So.2d 292 (Fla. 4th DCA 1984); Stanley v. State, 451 So.2d 897 (Fla. 4th DCA 1984).
We consider Garces v. State to be inap-posite. There, the defendant had only momentary possession in the presence of the owner, for the sole purpose of examining the drugs in order to determine that they were what they were purported to be. Here, the defendant had the right to possession and control and physically exercised that right.
We also find no error in the denial of defendant’s requested jury instruction.
AFFIRMED.
LETTS, J., concurs.
ANSTEAD, J., concurs specially with opinion.