549 So.2d 222 (1989)
Richard M. JEFFERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1518.
District Court of Appeal of Florida, First District.
September 21, 1989.
*223 Robert Augustus Harper, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and John M. Koenig, Jr., and Mark Menser, Asst. Attys. Gen., Tallahassee, for appellee.
ZEHMER, Judge.
Richard Jefferson, a former deputy sheriff with the Jacksonville Sheriff's Office, appeals his conviction of trafficking in cocaine. The charges arose out of an internal investigation by the Jacksonville Sheriff's Office, which hired an out-of-county undercover officer to assist in the investigation. While on duty, Jefferson met with the undercover officer to initiate a transaction with cocaine at an apartment set up with two hidden video cameras. The officer presented a bag of cocaine to Jefferson, told him that the cocaine in the bag was already sold, but invited Jefferson to sample it. After some discussion, Jefferson took the bag off the table, dipped a playing card into it, put the card to his nose, and snorted some of the cocaine up his nostrils as a test for quality. Jefferson then returned the bag to the officer. The officer never effectuated a sale of cocaine to Jefferson on this or any other occasion. As a result of this episode, the state filed an information against Jefferson charging him, in two counts, with possession of cocaine and trafficking more than 28 grams of cocaine. The case was tried to a jury and resulted in a verdict of guilty on the trafficking charge.[1] At sentencing, the court departed from the guidelines sentence for the reason that Jefferson had violated his oath to uphold the law and violated the trust and confidence of the citizens of Jacksonville and his fellow officers.
On this appeal, Jefferson first argues that the trial court erred in failing to dismiss the jury pool and begin voir dire with a new pool because the jury selection procedure demonstrated a substantial likelihood that the state excused several jurors solely on the basis of race. We have carefully reviewed the record and find that the court followed the procedure outlined in State v. Slappy, 522 So.2d 18 (Fla. 1988), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and did not abuse its discretion in ruling that the reasons the state offered in support of peremptory challenges were race neutral and reasonable. We find no error on this issue.
Jefferson next argues that the facts of this case are insufficient as a matter of law to support his trafficking conviction. He states that he was never in actual or constructive possession of the bag of cocaine and therefore, under the facts in this case, he could not have been lawfully convicted of trafficking in cocaine.[2] His argument that he never legally possessed the cocaine, based on Roberts v. State, 505 So.2d 547 (Fla. 3d DCA 1987), and Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986), urges that his temporary control of contraband while in the presence of its actual owner for the purpose of verifying that the contraband is what it purports to be and conducting a sensory test for quality prior to consummation of the completed transaction, without more, does not constitute legal possession. Conversely, the state argues that Jefferson was in actual possession of the cocaine because he picked up the bag, examined the cocaine, tasted it, and ingested a small amount.
*224 We hold that Jefferson's actions did not constitute legal possession of all cocaine in the bag. The officer told him that the cocaine had already been sold to someone else and only offered it to Jefferson for the purpose of testing a sample. The uncontroverted evidence shows that the officer never released the cocaine to the actual or constructive possession of Jefferson. Furthermore, the evidence showed that Jefferson took temporary control of the cocaine for the sole purpose of testing its authenticity and quality. Such temporary control for a specific but limited purpose, without consummation of a completed transaction, does not constitute legal possession. See Roberts v. State, 505 So.2d 547 (Fla. 3d DCA 1987); Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986).
State v. Eckroth, 238 So.2d 75 (Fla. 1970), wherein the supreme court held that evidence that the defendant smoked a pipe containing marijuana was sufficient to sustain a conviction of unlawful possession and control of marijuana under the Uniform Narcotic Drug Act, is inapplicable to the circumstances in this case. The statute construed in Eckroth prohibited possession of any quantity of marijuana, and the defendant was convicted of possessing only the marijuana in the pipe from which he smoked, not the six bags of marijuana located in the room with him. Under the facts shown by the evidence in this case, Jefferson only possessed the small quantity of cocaine on the card he used to test for quality, yet he was convicted of trafficking based on his possession of 28 grams or more of cocaine. We are compelled to reverse, therefore, because the quantity of cocaine shown to be possessed by Jefferson was insufficient as a matter of law to support the charge of trafficking in cocaine.
The evidence was sufficient, however, to show possession of a minute quantity of cocaine and to support conviction of the lesser included offense of possession of the small amount on the card, pursuant to section 893.13(1)(e), Florida Statutes. For this reason, we remand the case with directions to vacate the judgment and enter a judgment of conviction of that lesser offense.
Finally, Jefferson challenges the trial court's departure from the recommended guidelines sentence, asserting that the reason for departing was neither valid nor proved by a preponderance of the evidence. The evidence showed that when the subject action took place, Jefferson was on duty, in uniform, and carrying a gun and portable radio. In explaining its reason for departing from the guidelines sentence, the lower court stated that Jefferson not only violated his oath to uphold the law, but also violated the confidence and trust of the citizens of Jacksonville and of his fellow officers who relied upon him to provide reliable and competent assistance. We have previously ruled that a defendant's use of his position as an officer of the law to facilitate criminal activity is a valid reason to depart from a guidelines sentence because such use constitutes an abuse of a position of public trust. Neal v. State, 492 So.2d 1135 (Fla. 1st DCA 1986). It follows, therefore, that the reason for the guidelines departure in this case was valid because supported by the evidence.
The conviction and sentence is reversed and the cause is remanded with directions to enter a judgment of conviction on the offense of possession and to resentence the defendant on such charge.
REVERSED and REMANDED.
SMITH and WENTWORTH, JJ., concur.
NOTES
[1] The court granted a judgment of acquittal on the possession of cocaine charge on the ground that possession was a lesser included offense of trafficking and the evidence would not sustain a separate possession charge.
[2] The pertinent statute, section 893.135(1)(b), Florida Statutes (1985), states:

"Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine"... .
(emphasis added).