PER CURIAM.
Carlos Redondo appeals from a judgment of conviction for conspiracy to traffic in cocaine. We affirm.
Redondo argues that the trial court erred in denying his motion to suppress certain physical evidence. Because the evidence supported the charge on which Redondo was acquitted and not the conspiracy charge on which he was convicted, we hold that the error, if any, was harmless. See Moore v. State, 530 So.2d 61 (Fla. 1st DCA 1988) (defendant may not complain of wrongfully admitted evidence when acquitted of charge to which evidence pertains). Furthermore, we find that the trial court did not abuse its discretion in denying Re-dondo’s motions for severance. Redondo was acquitted of all charges which could have been tainted by testimony relating to his codefendant; he is thus unable to demonstrate any prejudicial “spill-over” effect of that testimony. See United States v. Meester, 762 F.2d 867 (11th Cir.), cert. denied sub nom. Sawyer v. United States, 474 U.S. 1024, 106 S.Ct. 579, 88 L.Ed.2d 562 (1985) (to establish prejudice resulting from “spill-over” effect, defendant must demonstrate jury’s inability to make individualized determination as to each defendant).
Affirmed.