PER CURIAM.
Michael Morris appeals his conviction of first degree murder, armed robbery, and armed burglary. We affirm. First, the jury selection conformed to the requirements of State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988), and State v. Neil, 457 So.2d 481 (Fla.1984). Second, no abuse of discretion has been shown with respect to the court's excusing of two prospective jurors for cause. See Lara v. State, 464 So.2d 1173, 1178-79 (Fla.1985). Third, the trial court properly applied the hearsay rule to exclude certain statements made by the defendant to a detective. See Fagan v. State, 425 So.2d 214 (Fla. 4th DCA 1983).
With regard to Morris’ fourth point on appeal, the homicide detective should not have been allowed to offer an opinion regarding blood spatter.* However, the testimony was cumulative to that of the forensic serologist and medical examiner and therefore the error was harmless. Fifth, the State has conceded that in light of Ramirez v. State, 542 So.2d 352 (Fla.1989), announced after Morris’ trial, the criminalist should not have been allowed to opine that the machete was the murder weapon. The evidence was harmless, however, since it was undisputed that it was the murder weapon. Finally, we conclude that the evidence was sufficient. See State v. Law, 15 F.L.W. S241 (Fla. Apr. 16, 1990) (on rehearing); Heiney v. State, 447 So.2d 210, 212 (Fla.), cert. denied, 469 *647 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984).
Affirmed.

 The Witness: "My interpretation of the blood on him appeared to be spatter consistent with that that an individual gets on his body when being present during the time that someone is beaten and blood is sprayed out.”