ON REHEARING GRANTED
NESBITT, Judge.
The state appeals a pretrial order granting the defendant’s motion to suppress a sworn statement she made to police. We reverse.
Defendant is charged with the murder of her husband. The record shows that she made a total of four statements to the police concerning the incident. She was originally convicted of the offense, but this court reversed for a new trial, holding that the fourth and final statement defendant gave was improperly admitted in the original trial since that statement was taken in violation of the Miranda Rule. Elkin v. State, 531 So.2d 219 (Fla. 3d DCA 1988).
Upon remand, the defendant’s three other statements to the police remained viable. The admissibility of the defendant’s first two statements is not disputed now by the defendant. At issue is the admissibility of her third statement, which is a sworn statement she gave to police. The state intended to use the third statement in its case-in-chief to show it is inconsistent with the other two statements defendant made regarding the murder. At a hearing on the issue, defense counsel argued, and the trial judge agreed, that the sworn statement was inadmissible as hearsay not subject to any exception because it was made out-of-court and was self-serving and exculpatory. We find the trial court’s ruling to be clear error based on the following analysis.
Relevant, out-of-court statements of a party opponent, as is the statement at issue, are admissible in evidence pursuant to section 90.803(18), Florida Statutes (1989), and thus are an exception to the hearsay rule.[1] Christopher v. State, 583 So.2d 642, 645 (Fla.1991); See generally Metropolitan Dade County v. Yearby, 580 So.2d 186 (Fla. 3d DCA 1991) (for a discussion of why a statement of a party opponent is an exception to the hearsay rule); see also Dinter v. Brewer, 420 So.2d 932, 935 (Fla. 3d DCA 1982) (“The admissibility of the [party opponent’s] deposition statements ... rests on the singular fact that the statements were made by him.”).
A statement by a party to a lawsuit is termed an admission when the statement is offered as evidence against the individual as a party opponent. Christopher, 583 So.2d at 645. An admission is not equivalent to a confession and is insufficient to authorize conviction. For a statement to constitute an admission, it need not, in and of itself, speak directly to guilt. It may be a statement from which guilt can be inferred when the statement is analyzed in the context of other admissible evidence. Ehrhardt, Florida Evidence § 803.18 & n. 13 (2d ed. 1984). In sum, a statement by a party opponent is admissible, not because it is against the interest of the party who made it, but simply because it is the party opponent’s statement and because the party opponent cannot complain about not cross-examining him or herself. Id.; Dinter, 420 So.2d at 935. See Jackson v. State, 530 So.2d 269, 272 (Fla.1988), cert. denied, 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1005 (1989); Pieczynski v. State, 516 So.2d 1048, 1051 (Fla. 3d DCA 1987); Adams v. School Bd. of Brevard County, 470 So.2d 760, 762 (Fla. 5th DCA 1985).
An illustration of this point is found in the case of Christopher v. State, 583 So.2d at 645. The defendant there was convicted of first degree murder. Christopher was a multi-issue case dealing with more than one statement made by the defendant. While one of the defendant’s statements at issue in that case involved a voluntary confession the defendant made to police, the statement on point with the instant case concerns a statement Christopher made to his girlfriend. At trial, the girlfriend testified that the defendant told her that he had been in a fight with one of the victims on the day of the murders. While the statement in and of itself was not conclusive on *121 the issue of guilt, the supreme court held it to be admissible under section 90.803(18)(a) because it was made by a party to the lawsuit. Thus, in combination with other evidence, it was pertinent to deciding the ultimate issue of guilt.
In the instant case, defendant El-kin’s third, sworn statement to police as to her actions and whereabouts on the evening of her husband’s murder, is inconsistent with other statements she made. It, as well as her previous two statements, is thus relevant and can be used by the state affirmatively to show consciousness of guilt and unlawful intent. Johnson v. State, 465 So.2d 499, 504 (Fla.), cert. denied, 474 U.S. 865, 106 S.Ct. 186, 88 L.Ed.2d 155 (1985). See Norman v. State, 555 So.2d 1316 (Fla. 5th DCA 1990); P.N. v. State, 443 So.2d 193, 194 (Fla. 3d DCA 1983).
Whether defendant’s sworn statement was exculpatory and self-serving is not controlling because it is the state which seeks to use the statement in its case-in-chief. The statement’s exculpatory and self-serving nature would only be relevant if the defendant attempted to introduce it during her own testimony or through a witness. In that case it would be subject to the hearsay rule. Christopher, 583 So.2d at 645; Guerrero v. State, 532 So.2d 75 (Fla. 3d DCA 1988); Morris v. State, 561 So.2d 646 (Fla. 3d DCA), review denied, 576 So.2d 289 (Fla.1990); Fagan v. State, 425 So.2d 214 (Fla. 4th DCA 1983); Lowery v. State, 402 So.2d 1287 (Fla. 5th DCA 1981); Logan v. State, 511 So.2d 442 (Fla. 5th DCA 1987); Watkins v. State, 342 So.2d 1057 (Fla. 1st DCA), cert. denied, 353 So.2d 680 (Fla.1977).
To the extent that Moore v. State, 530 So.2d 61 (Fla. 1st DCA 1988), conflicts with our holding here, we reject its requirement that the prosecution prove a statement’s falsity before the state may offer the statement into evidence under section 90.-803(18). We find nothing in the clear language of section 90.803(18) which requires such a showing before an admission may be deemed relevant and thus admissible. While we recognize apparent conflict with Moore, we refuse to certify the conflict due to the supreme court’s recent pronouncement on the issue in Christopher.
Accordingly, because the statement is an admission as defined by section 90.803(18), which the state intends to introduce in its case-in-chief, we grant rehearing, vacate our original opinion, and reverse the order appealed.
BASKIN, J., concurs.

. The relevant part of section 90.803 states:
(18) ADMISSIONS. — A statement that is offered against a party and is:
(a) His own statement in either an individual or a representative capacity.