GERSTEN, Judge,
dissenting.
I respectfully dissent.
My quarrel with the majority opinion deals not with the legal analysis of the issue we face, but rather with the factual determination that the “statement” sought to be admitted is an “admission.” Because I don’t believe that the statement constitutes an “admission,” I find that the rule governing admissions, and the cases cited for the proposition that admissions are excepted from the hearsay rule, do not control the determination of this case.
Appellee was previously convicted of the murder of her husband. In Elkin v. State, 531 So.2d 219 (Fla. 3d DCA 1988), this court reversed the judgment of conviction and remanded for a new trial, based on use of an inadmissible statement. Upon retrial, the State sought to introduce, during its case-in-chief, another statement made by appellee.
The State alleges that the statement is both an admission against interest and in-culpatory because it contradicts appellee’s previous statements. The State intends to use the statement as substantive and impeachment evidence.
Appellee asserts that the statement was properly suppressed because the statement was entirely exculpatory, and did not constitute an admission against interest. Ap-pellee further asserts that the use of the statement by the State in the State’s casein-chief constitutes improper impeachment.
A defendant’s exculpatory statements are inadmissible hearsay not within any exception. Guerrero v. State, 532 So.2d 75 (Fla. 3d DCA 1988); Moore v. State, 530 *122 So.2d 61 (Fla. 1st DCA 1988); Fagan v. State, 425 So.2d 214 (Fla. 4th DCA 1983); Watkins v. State, 342 So.2d 1057 (Fla. 1st DCA), cert. denied, 353 So.2d 680 (Fla.1977). However, when shown to be false, exculpatory statements are rendered incul-patory and are admissible. Moore, 530 So.2d at 65. In this case, the trial court found that the State failed to show that the exculpatory statement was false.
Thus, unable to use the defendant’s admission because of this court’s prior ruling that it was improperly obtained in violation of Miranda, the State now seeks to use other statements made by the defendant, in their case-in-chief. The State seeks to use these statements, not because they are “admissions,” or inculpatory, or even exculpatory, but rather because there are variations in the specifics of the statements. The State seeks to show that the variations demonstrate consciousness of guilt and unlawful intent by labeling these statements “inconsistent exculpatory statements.”
The cases cited in the majority opinion actually deal with admissions or confessions. In Christopher v. State, 583 So.2d 642 (Fla.1991), a defendant charged with several murders told a detective, “If you hadn’t of caught me when you did, I could have killed one other person.”
In Metropolitan Dade County v. Yearby, 580 So.2d 186 (Fla. 3d DCA 1991), a motorist sued Dade County for negligence in failing to replace a fallen stop sign, resulting in an accident. The County claimed ignorance that the stop sign had fallen. At issue was a police report which included a report made regarding the fallen stop sign. The police public service aide who made the report, was an employee of the County. His assertion that a report of the fallen sign had been made was an admission against interest of a party opponent (or, its agent).
The statements in this case do not rise to the level of an admission. Therefore, I think the cases cited do not mandate reversal.
Further, appellee’s statements are inadmissible during the State’s case-in-chief as impeachment because “a witness may not be impeached before he has testified.” Moore, 530 So.2d at 61; Erp v. Carroll, 438 So.2d 31 (Fla. 5th DCA 1983); Giddens v. State, 404 So.2d 163 (Fla. 2d DCA 1981).
The State attempted to show that appel-lee’s statement was false, in order to show that it was inculpatory. The State asserted that appellee’s statement was false because it was inconsistent with appellee’s previous statements. Because appellee’s previous statements were also exculpatory and not within any exception, those statement were also not admissible as substantive evidence, or for impeachment during the State’s casein-chief. The State’s attempt to bolster one inadmissible statement by the use of another inadmissible statement was improper. See, e.g., Romani v. State, 542 So.2d 984 (Fla.1989).
Accordingly, I would affirm.