ERVIN, Judge.
Because the undisputed facts in this case show that appellee, charged with possession of more than 20 grams of cannabis, in violation of Section 893.13(l)(f), Florida Statutes (1991), possessed the same in the presence of the owner for the sole purpose of inspecting it, the trial court properly entered an order dismissing the felony charge of possession of cannabis and transferring the case to county court for prosecution of the misdemeanor offense of attempted possession of cannabis. Campbell v. State, 577 So.2d 932 (Fla.1991); Roberts v. State, 505 So.2d 547 (Fla. 3d DCA 1987); Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986).
If we were to apply the 1992 amendment to Section 893.02(16), Florida Statutes, which redefined the term “possession” to include temporary possession for the purpose of verification, retroactively to an offense alleged to have been committed before the statute’s enactment, such application would run afoul of the ex post facto clauses of the state and federal constitutions. See State v. Smith, 547 So.2d 613 (Fla.1989); Heath v. State, 532 So.2d 9 *677 (Fla. 1st DCA 1988) (on rehearing), review denied, 541 So.2d 1173 (Fla.1989).
AFFIRMED.
SMITH and BARFIELD, JJ., concur.