PER CURIAM.
In this Anders proceeding, we agree that no non-frivolous position is advancea-ble on behalf of the defendant and therefore affirm his convictions for conspiracy, see Herrera v. State, 532 So.2d 54, 58 (Fla. 3d DCA 1988), quoting McCain v. State, 390 So.2d 779, 780 (Fla. 3d DCA 1980), review denied, 399 So.2d 1144 (Fla.1981)(recognizing that “direct proof of an agreement is not necessary to establish a conspiracy; the jury is free to infer from all the circumstances surrounding and accompanying the act that the common purpose to commit the crime existed”), and trafficking in cocaine by possession of *814 more than 400 grams. See § 893.02(16), Fla. Stat. (1997)(providing “ ‘[possession’ includes temporary possession for the purpose of verification or testing, irrespective of dominion or control”); Hamilton v. State, 782 So.2d 498, 494-95 (Fla. 2d DCA 1999)(recognizing that this statute has created a “statutory exception” to Campbell v. State, 577 So.2d 932 (Fla.1991)); State v. Nellums, 614 So.2d 676 (Fla. 1st DCA 1993)(recognizing that the 1992 amendment to section 893.02(16), Florida Statutes, changed the law).
We note the excellence of the Anders brief prepared by Assistant Public Defender, Shaundra L. Kellam. Her representation fully complied with her duties both to her client and to the justice system she serves.
Affirmed.