PER CURIAM.
Defendant was convicted of trafficking in cocaine and conspiring to traffic in cocaine. See §§ 893.135(l)(b), 893.135(5), Fla.Stats. (1997). Defendant argues that the state’s evidence was legally insufficient to establish possession. We disagree.
In the instant case the defendant and her companion had inspected the cocaine at issue and conducted negotiations with the Homestead Police detective acting under cover at the scene. Defendant’s companion, holding the drugs, put the cocaine down, reached into his pocket for his money, and then paid $7000 to the officer for the drugs. The two purchasers then asked the undercover officer for a bag so that they could leave the scene undetected. The officer left the room, and the two were arrested. Clearly at the time of the arrest, the defendant and her companion had the right to possession and control of the cocaine and had physically exercised that right.
Defendant cites to Garces v. State, 485 So.2d 847 (Fla. 3d DCA 1986), as supporting her claim that she was not “knowingly in actual or constructive possession” of the drugs at issue. Garces held that the temporary control of contraband in the presence of its actual owner, for the purpose of verifying that it was what it purported to be, did not constitute “legal possession.” However the 1992 amendment to section 893.02(16), Florida negates the possibility of such a claim. See State v. Nellums, 614 So.2d 676 (Fla. 1st DCA 1993) (recognizing that the 1992 amendment to section 893.02(16), Florida Statutes, changed the law); see also Ortega v. State, 755 So.2d 813 (Fla. 3d DCA 2000). Section 893.02(16), Florida Statutes (1997) provides that “[possession includes temporary possession for the purpose of verification or testing, irrespective of dominion or control.” Moreover, the facts sub judice are simply distinguishable from Garces. Here, the evidence established a completed sale. See Lamanto v. State, 547 So.2d 1248 (Fla. 4th DCA 1989)(distinguishing Garces where drug purchase had been completed).
Accordingly, the order under review is affirmed.