LAWSON, J.
Bladimir Rios appeals his conviction of second degree murder for the killing of Elvin Rodriguez. He raises four points on appeal. We find no basis for reversal, and affirm.
In the early morning hours of March 25, 2003, officers from the Marion County Sheriffs Office found Rios’ Buick parked in a desolate area of the Ocala National *790 Forest with blood dripping from the trunk. Tracking into the woods with a canine unit, the officers found Rios and Edwardo Mercado near Rodriguez’ body and a freshly-dug grave.
At trial, Mercado testified as the State’s chief witness against Rios. According - to Mercado, Rios and another acquaintance, Alex Rosado, were with him at his home on the evening of March 24, 2003. After a private conversation between Rios and Ro-sado, Rios asked Mercado to accompany him to an undisclosed location for an undisclosed purpose. Before leaving, Rios placed a box of plastic gloves, a bottle of bleach and some plastic bags into the trunk of his Buick.
Rios proceeded to drive Mercado to Ro-sado’s home, where the victim was residing. Once there, according to Mercado, Rios began arguing with Rodriguez, and then stabbed him to death. Mercado testified that Rios later explained that Rodriguez had been “snitching on” Rosado, and that Rios threatened to harm Mercado or his family if he refused to help him clean up the murder scene and dispose of the body.
As his first two points on appeal, Rios argues that the trial court erred in denying his motion for judgment of acquittal on the charges of conspiracy to commit first degree murder and accessory after the fact to first degree murder. Because Rios was ultimately acquitted of both charges, any error in denying his motions for judgment of acquittal as to these charges was harmless. Cf. Redondo v. State, 558 So.2d 495 (Fla. 3d DCA 1990) (finding that error in the admission of evidence supporting charge on which defendant was acquitted was harmless); Moore v. State, 530 So.2d 61 (Fla. 1st DCA 1988) (same).
Rios next claims that the trial court erred by failing to timely rule on his motion for judgment of acquittal on the conspiracy charge. At the close of the State’s case, Rios’ counsel objected to the court’s decision to reserve ruling on his motion. However, after further discussion, the objection was withdrawn. Rios thereby waived appellate review on this claim. E.g., Pope v. State, 646 So.2d 827, 828 (Fla. 5th DCA 1994) (to preserve an issue for appellate review, a party must contemporaneously object in the court below on the same ground asserted on appeal). Additionally, we are convinced from our review of the record that the court’s failure to timely rule on the motion for judgment of acquittal was harmless because it is clear that Rios could or would not have proceeded differently even if a timely ruling on the motion had been entered. See Hitchcock v. State, 413 So.2d 741, 746 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982).
In his last point on appeal, Rios claims error in the trial court’s denial of his motion for a new trial on grounds that the verdict was contrary to the manifest weight of the evidence. Based on our review of the evidence presented, we find no abuse of discretion in the trial court’s denial of the motion.
AFFIRMED.
SHARP, W„ and ORFINGER, JJ., concur.